Jerome K. HAMILTON, Petitioner
Below–Appellant,

v.

STATE of Delaware, Respondent
Below–Appellee.

Nos. 386, 2000 and 415, 2000.

Supreme Court of Delaware.

Submitted: March 12, 2001.

Decided: April 12, 2001.

---

Jerome K. Hamilton, pro se.

Gregory E. Smith, Ophelia M. Waters, Department of Justice, Wilmington, Delaware, on behalf of appellee.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The petitioner-appellant, Jerome K. Hamilton, filed these appeals from the August 2, 2000 order of the Superior Court denying his petition for a writ of habeas corpus and the August 15, 2000 order of the Superior Court denying his petition for

a writ of mandamus. We find no merit to the appeals. Accordingly, we affirm.[1]

## Facts

On May 28, 1976, Hamilton received a sentence of seven years in prison for attempted Robbery in the First Degree (IN75–08–0180) and a concurrent five-year sentence for Burglary in the Second Degree (IN75–08–0181).[2] On July 23, 1976, Hamilton was sentenced to two years in prison for attempted theft (IN75–12–0279), to be served consecutively to the seven-year sentence. On January 24, 1977, Hamilton was declared an habitual offender and was sentenced to life in prison on charges of Robbery in the First Degree (IN76–08–0906) and Conspiracy in the Second Degree (IN76–08–0907). On December 17, 1987, Hamilton received a sentence of seven years in prison on another charge of Conspiracy in the Second Degree (IN86–04–1312) and two years for promoting prison contraband (IN86–04–1313), to be served consecutively to the seven-year sentence. On September 2, 1988, Hamilton's January 24, 1977 sentences were reduced to 25 years for Robbery in the First Degree and seven years for Conspiracy in the Second Degree.[3] The total amount of time to be served on all of these sentences, prior to deductions for good time and meritorious credit, is 50 years.[4]

## Hamilton's Contentions

In these appeals, Hamilton claims that: i) the Department of Correction miscalculated the time remaining on his sentences, thereby imposing a longer period of incarceration than the Superior Court authorized; and ii) the Superior Court abused its discretion by refusing to provide a transcript of his October 13, 1988 sentencing hearing for this appeal. Hamilton contends that the Superior Court's September 2, 1988 sentencing order shows that his sentences in IN76–08–0906, IN76–08–0907, IN86–04–1312 and IN86–04–1313 should all be calculated to run concurrently, beginning on January 24, 1977. He also contends that, because he has already served his sentences in IN75–08–0180, IN75–08–0181 and IN75–12–0279, the Department of Correction has incorrectly included these sentences in its calculation of the time remaining on his sentences.

## Sentence Calculations

■ Hamilton's contention that his December 17, 1987 sentences and his September 2, 1988 sentences were all meant to run concurrently, as reflected in the Superior Court's September 2, 1988 sentencing order, is without any factual basis. The Superior Court's September 2, 1988 sentencing order made no reference to the sentences previously imposed on December 17, 1987. The record also does not

---

1. We consolidated these matters for decision sua sponte because the claims were the same.

2. This sentence was imposed pursuant to former 11 *Del.C.* § 3901(d) (effective February 2, 1976).

3. We note that, despite the parties' contentions, these two sentences were not intended to run concurrently. Under amended 11 *Del.C.* § 3901(d) (effective July 14, 1977), concurrent sentences were not permitted. Even if they had been permitted, the Superior Court's September 2, 1988 sentencing order

states that only the non-incarcerative portions of Hamilton's sentences were to run concurrently. There were no non-incarcerative portions of these sentences.

4. The State's total of 43 years is incorrect because, pursuant to the September 2, 1988 sentencing order, Hamilton's 25–year sentence for Robbery in the First Degree and his seven-year sentence for Conspiracy in the Second Degree were not intended to run concurrently, thereby adding another seven years to his sentences.

support Hamilton's contention that all of his December 17, 1987 and September 2, 1988 sentences began to run on January 24, 1977.

The January 24, 1977 date has significance only because the Superior Court initially imposed its sentences for Robbery in the First Degree and Conspiracy in the Second Degree on that date. When the Superior Court modified this sentence on September 2, 1988, its sentencing order noted that the sentence was "effective January 24, 1977," but also noted that "[i]f the defendant is presently serving another sentence, this sentence shall begin at the expiration of such other sentence being served." As such, the January 24, 1977 date does not relate to when Hamilton was to begin serving his sentences.[5] Hamilton's contention that the Department of Correction improperly added 9 years to his sentence is also incorrect. It was proper for the Department of Correction to calculate Hamilton's release date by calculating chronologically all of his consecutive sentences, even those he has already served, beginning with the date he first entered prison.[6]

### Transcript Properly Denied

Hamilton's second claim that the Superior Court erred in refusing to provide him with a transcript of his October 13, 1988 sentencing hearing is without merit. There is nothing in the record to suggest that a sentencing hearing occurred on that date. The Superior Court's sentencing order is dated September 2, 1988; the sentence commitment, which was issued subsequent to the sentencing order, is dated October 13, 1988. There is no evidence that a hearing was held in connection with the issuance of the sentence commitment. Secondly, based upon our conclusion that Hamilton's claim of a miscalculation is without merit, he is not entitled to hearing transcripts in any case.

### Conclusion

"Habeas corpus provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the court ordering the commitment."[7] "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[8] Because Hamilton's claim that the Department of Correction miscalculated his sentences is meritless and because he is being held in prison legally, there is no basis for the issuance of either a writ of habeas corpus or a writ of mandamus, and the Superior Court properly so held. Accordingly, the judgments of the Superior Court are affirmed.

5. While Hamilton refers to language in the subsequent October 13, 1988 sentence commitment to support his claim, the language of the September 2, 1988 sentencing order controls.

6. This is consistent with this Court's holding in *Snyder v. Andrews*, Del.Supr., 708 A.2d 237, 247–48 (1998).

7. *Hall v. Carr*, Del.Supr., 692 A.2d 888, 891 (1997).

8. *Clough v. State*, Del.Supr., 686 A.2d 158, 159 (1996).