Jerome K. HAMILTON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 576, 2002.

Supreme Court of Delaware.

Submitted: Sept. 3, 2003.
Decided: Sept. 30, 2003.

Bernard J. O'Donnell, Office of the Public Defender, Wilmington, DE, for appellant.

Gregory E. Smith, Department of Justice, Wilmington, DE, for appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

HOLLAND, Justice:

The proceedings in this Court started as an appeal by Jerome K. Hamilton ("Hamilton") from the Superior Court's judgment that summarily denied Hamilton's motion for post-conviction relief. Hamilton alleged that the Department of Correction had improperly calculated the sentences that had been imposed for several criminal convictions. This Court remanded the matter to the Superior Court for reconsideration and retained jurisdiction. Upon remand, the Superior Court concluded that its original judgment should be vacated and ordered the Department of Correction to recalculate Hamilton's sentences. We have concluded that the Superior Court's judgment upon remand must be affirmed.

### Facts[1]

Four sentences imposed on Hamilton are at issue in this case. First, on May 28, 1976, Hamilton was sentenced by the Honorable Albert J. Stiftel to seven years imprisonment beginning December 6, 1975, and ending December 5, 1982 for the offense of Attempted Robbery in the First Degree. At that time, Hamilton was also sentenced to five years imprisonment for the offense of Burglary in the Second Degree to run concurrently with the Attempted Robbery sentence.

Second, on July 23, 1976, Hamilton was sentenced by the Honorable Joseph J. Longobardi for the offense of Attempted Misdemeanor theft to two years imprisonment "beginning at the termination of the sentence the Defendant is now serving in I-75-08-0180" (the Attempted Robbery sentence imposed by Judge Stiftel).[2]

Third, on October 13, 1988, Hamilton was sentenced by the Honorable Joshua W. Martin, III, for the offense of Robbery in the First Degree to twenty-five years imprisonment "beginning" January 24,

---

1. The facts are not in dispute. This statement of facts relies substantially upon the factual recitations in the parties' briefs, in particular, Hamilton's Opening Brief after remand.

2. Combined, these two sentences resulted in a cumulative nine years imprisonment that would have expired by December 5, 1984 unless any good time credit had accrued and provided for an earlier conditional release date.

1977. He was also sentenced to a concurrent seven-year term for the offense of Conspiracy in the Second Degree. When these robbery and conspiracy offenses occurred more than twelve years earlier, concurrent sentencing was legally permissible under Delaware law. Consecutive sentencing was mandated only for offenses occurring subsequent to the enactment of the legislation on February 2, 1976. 60 Del. Laws, c. 308. In the twelve years preceding Hamilton's resentencing on October 13, 1988, Hamilton's original sentencing for these offenses had been vacated twice on appeal.[3]

Fourth, Hamilton had meanwhile been sentenced by the Honorable Bernard Balick on December 17, 1987, to seven years imprisonment for the offense of Conspiracy in the Second Degree and two years consecutive imprisonment for the offense of promoting prison contraband. These offenses had occurred in 1986 when concurrent sentencing was not permitted under Delaware law.[4]

### Calculation and Recalculation

On November 14, 1988, after the imposition of the sentences by Judge Martin in October, the Department of Correction calculated Hamilton's short-time release date as July 17, 1999.[5] In a prior proceeding in the Superior Court, the State asserted that "[t]he record shows there is absolutely no dispute as to the length of Hamilton's sentence on the above-mentioned convictions, or as to the amount of good time credit available to Hamilton based on his 34 year

sentence." In 1995, however, when Hamilton was a little more than three years away from his short-time release date, the Delaware Correctional Center Records Division revised the calculation of Hamilton's sentences to extend the total length of sentences that he was serving from thirty-four years to forty-three years.

That recalculation in 1995 and another recalculation in 1996 extended Hamilton's short-time release date from July 17, 1999 to June 11, 2004. These recalculations were based on a new record keeper's legal conclusion that the concurrent sentences for Robbery in the First Degree and Conspiracy that had been imposed by Judge Martin on October 13, 1988 must be served "consecutive" to Hamilton's prior 1976 sentences. The result of this analysis was to add another nine years of cumulative imprisonment. That was added to Hamilton's sentence of thirty-four years imprisonment to arrive at a total of forty-three years of consecutive imprisonment. This recalculation, in effect, delayed the commencement of Judge Martin's October 1988 sentence from January 24, 1977, when Judge Martin had scheduled it to commence, to until after the sentences imposed by Judge Stiftel and Judge Longobardi in 1976 had been completed on December 4, 1984.

### Procedural History

This proceeding began as an appeal from the Superior Court's denial of Hamilton's motion for postconviction relief.

---

**3.** *Hamilton v. State,* 534 A.2d 657 (Table) (Del.1987); *Hamilton v. State,* 561 A.2d 466 (Table) (Del.1989).

**4.** At the time that these offenses occurred, consecutive sentencing had been statutorily mandated under Delaware law, 60 Del. Laws, c. 308 (eff. Feb. 2, 1976), and these particular sentences could not run concurrently with previously imposed sentences.

**5.** A "short-term release date" or "short-time release date" are common names for what is legally known as "conditional release," which is determined by reduction of the imposed term of incarceration by accrued good time credits. Del.Code Ann. tit. 11, § 4348.

That motion requested the Superior Court to correct its 1988 sentencing order to reflect that Hamilton's seven-year sentence for conspiracy was intended to run concurrently with his twenty-five year sentence for robbery. On September 23, 2002, the Superior Court summarily denied Hamilton's petition for postconviction relief before receiving a response from the State. Hamilton appealed that judgment to this Court. Hamilton requested the Superior Court to have the transcript of his 1988 sentencing prepared so that he could pursue his claims on appeal. The Superior Court denied that motion also.

In his appeal, Hamilton requested this Court to appoint counsel for him and requested this Court to order the preparation of the transcript of his 1988 sentencing. The State filed a response to Hamilton's motion to compel preparation of the transcript. The State's response suggested that Hamilton's position regarding the concurrent nature of his sentences may have merit. With commendable candor to this Court, the State also acknowledged a discrepancy between the Superior Court's 1988 resentencing order and the sentence as recorded in the Prothonotary's work sheets, which were never docketed as part of the record in Hamilton's case.

This Court appointed counsel for Hamilton and remanded the matter to the Superior Court in order to prepare the transcript of Hamilton's October 1988 sentencing before Judge Martin and to determine whether the sentences imposed by Judge Martin were concurrent or consecutive. On remand, however, it was learned that the court reporter's notes of the 1988 resentencing could not be located. This Court then directed that the resentencing before Judge Martin be reconstructed to the extent possible.

### Remand Decision

On remand, Hamilton's counsel filed a habeas corpus petition contending that on the face of the records of Hamilton's sentences, it showed that Hamilton's short-time release date had passed and Hamilton should be released immediately. The Superior Court did not grant the habeas corpus petition directly. In its May 16, 2003 report on remand of Hamilton's appeal, however, the Superior Court determined that Hamilton's October 1988 robbery and conspiracy resentences had, in fact, been imposed concurrently by Judge Martin. The Superior Court also found, on reconsideration of its September 23, 2002 order denying postconviction relief for Hamilton, that the Department of Correction had in 1995 improperly recalculated these 1988 resentences as commencing many years after the 1976 date that Judge Martin had ordered that these sentences to commence. The Superior Court also found that the Department of Correction's incorrect calculation had the effect of extending Hamilton's total sentences by nine years and his short-time release date by approximately five years.[6]

Consequently, the Superior Court directed the Department of Correction to recalculate Hamilton's sentences consistent with the Superior Court's findings and to commence those concurrent sentences in 1976, not in 1985. The Superior Court directed the Department of Correction to recalculate Hamilton's sentences "immediately, but in any event, no later than May 25, 2003."[7] In response to the Superior

6. Before the Department of Correction erroneously recalculated Hamilton's sentences in 1995 or 1996, as the Superior Court found on

remand, Hamilton's short-time release date had been July 17, 1999.

7. The Department of Correction did not recalculate the sentences prior to May 25, 2003 as

Court's remand order, the State argues that the law of the case doctrine precludes any determination that the October 1988 resentencing could run concurrently with the 1976 sentences because this Court previously found otherwise.[8]

### 1988 Sentencing Order

When Hamilton was sentenced to twenty-five and seven-year sentences by Judge Martin on October 13, 1988, those two sentences were, as the Superior Court found on remand, imposed to run concurrently and to commence on January 24, 1977. The specific sentencing order states that these sentences were effective January 24, 1977.[9] The general sentencing form also stated that: "If the defendant is presently serving another sentence, this sentence shall begin at the expiration of such other sentence being served."[10]

Both the State and the Department of Correction interpret this provision of the 1988 sentencing order to mean that the 1988 sentence must be served consecutively to the sentences imposed by Judges Stiftel and Balick in 1976. On remand, however, the Superior Court has determined that the sentences imposed by Judge Martin in 1988 were to be served concurrently with the 1976 sentences. The Superior Court's factual determination on remand is supported by the record.

At the time that Judge Martin sentenced Hamilton in October 1988, the cumulative nine-year sentences imposed by Judges Stiftel and Longobardi in 1976 had already expired in 1985. The only other sentence Hamilton was serving in October 1988 when he was resentenced by Judge Martin was the sentence imposed by Judge Balick in 1987 for the offenses that occurred in 1986. The 1988 sentences could have legally been imposed to "begin at the termination" of the 1976 sentences imposed by Judges Stiftel and Longobardi, in the same manner that Judge Longobardi had expressly provided for in his 1976 sentence of Hamilton for Attempted Theft. Judge Martin, however, did not impose such a sentence in 1988. Rather, the sen-

directed by the Superior Court and two weeks later, on July 10, 2003, the State requested that the Superior Court stay its order. At an office conference in the Superior Court on July 17, 2003, although disagreeing with the State that its May 16 report on remand and orders were erroneous and likely to be reversed on appeal, and also disagreeing with the State's position that the State would be irreparably harmed and the Defendant would not if the stay were granted, the Superior Court, nonetheless, granted to the State a thirty-day stay of its order to recalculate the Defendant's sentences.

8. *See Hamilton v. State,* 769 A.2d 743, 745 (Del.2001). The State specifically relies on the following statement from a prior opinion in this case:

The January 24, 1977 date has significance only because the Superior Court initially imposed its sentences for Robbery in the First Degree and Conspiracy in the Second Degree on that date. When the Superior

Court modified this sentence on September 2, 1988, its sentencing order noted that the sentence was "effective January 24, 1977," but also noted that "[i]f the defendant is presently serving another sentence, this sentence shall begin at the expiration of such other sentence being served." As such, the January 24, 1977 date does not relate to when Hamilton was to begin serving his sentences.
*Hamilton v. State,* 769 A.2d 743, 746 (Del. 2001).

9. Hamilton had first been sentenced for these offenses on January 24, 1977 and the prior sentences for these offenses had been vacated twice on appeal.

10. It is apparent that the sentencing form used by the Superior Court in 1988 did not contemplate the possible imposition of concurrent sentences for offenses that occurred before 1976, presumably because concurrent sentencing had been abrogated twelve years beforehand, in 1976.

tences imposed by Judge Martin in 1988 were specifically scheduled to commence on January 24, 1977.

The Department of Correction Records Division apparently determined that the sentences imposed by Judge Martin in 1988 were legally required to be served consecutively to the completion of Hamilton's prior sentences imposed in 1976, i.e., nine years total imprisonment that would have expired by December 5, 1984. The Department of Correction's determination that consecutive sentencing of Hamilton is required under Delaware law is not supported by either the chronological enactment of the applicable sentencing law or the chronological facts of this case. Hamilton's 1988 sentences for Robbery and Conspiracy were imposed by Judge Martin for offenses that had occurred in 1975. At the time of those 1975 offenses, concurrent sentencing was permissible under Delaware law. Consecutive sentencing under Del.Code Ann. tit. 11, § 3901(d) was only required for offenses that occurred after February 2, 1976.[11]

Judge Martin was undoubtedly aware of this distinction in 1988 when he specifically imposed concurrent sentences on Hamilton to begin on January 24, 1977. As the Superior Court most recently found on remand,

> [T]he effective date of the sentence that must be used by the Department of Corrections is January 24, 1977. That is the effective date Judge Martin specifically directed that his sentences begin to run. Exactly why he chose that date is not known at this time, but it is a certainty.[12]

The recalculation of Hamilton's sentences in 1995 by the Department of Correction was not legally required and ef-

fectively voided the operation of Judge Martin's 1988 sentencing scheme by commencing the 1988 sentence after Hamilton's 1976 sentences of nine years had expired, rather than as Judge Martin had ordered. Under pre-existing Delaware law, Hamilton could lawfully serve the sentences imposed in 1976 and the 1988 sentences scheduled to begin on January 24, 1977 concurrently. The recalculation of Hamilton's sentence in 1995 thereby caused the legally erroneous effect of effectively extending Hamilton's short-time release date from July 17, 1999 to June 11, 2004.

### *Law of the Case Asserted*

The State does not dispute two crucial factual findings by the Superior Court on remand concerning Hamilton's October 14, 1988 sentencing before Judge Martin for robbery and conspiracy. First, the State does not dispute that the robbery and conspiracy sentences imposed by Judge Martin on October 13, 1988 were imposed to run concurrently with each other. Second, the State does not dispute the Superior Court's factual finding on remand that Judge Martin's 1988 resentences were imposed to commence in 1977 and could have been served concurrently with the other sentences imposed in 1976.

The State has never taken the position that Hamilton's robbery and conspiracy sentences imposed in 1988 should not run concurrently. Because both parties are in accord on the issue of the concurrent nature of the robbery and conspiracy sentences, the only real point of dispute is the effective date of the sentence.

On the effective date issue, the State contends that the question has been previ-

---

11. 60 Del. Laws, c. 308.

12. *Hamilton v. State,* Del.Super., Cr. I.D. No. 84004102DI, Toliver, J. (May 16, 2003).

ously resolved by this Court in *Hamilton*.[13] In that decision, this Court held that "the January 24, 1977 date does not relate to when Hamilton was to begin serving his sentences .... It was proper for the Department of Correction to calculate Hamilton's release date by calculating chronologically all of his consecutive sentences, even those he has already served, beginning with the date he first entered prison."[14] The State submits that this Court's opinion is the law of the case, and the portion of the Superior Court's report on remand that is inconsistent with that opinion must be set aside.

### Law of the Case Exceptions

■ The State misconstrues the law of the case doctrine. The law of the case doctrine is not intended to preserve error or injustice:

> [T]he law of the case doctrine is not inflexible in that, unlike *res judicata*, it is not an *absolute* bar to reconsideration of a prior decision that is clearly wrong, produces an injustice or should be revisited because of changed circumstances. *See Brittingham v. State*, 705 A.2d 577, 579 (Del.1998); *Zirn v. VLI Corp.*, 681 A.2d 1050, 1062 n. 7 (Del.1996).[15]

This Court has recently observed that:

> In our view, Rule 61(i)(4)'s bar on previously litigated claims is based on the "law of the case" doctrine. In determining the scope of the "interest of justice" exception, we recognize two exceptions to the law of the case doctrine. First, the doctrine does not apply when the

previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed. *See Kenton v. Kenton*, 571 A.2d 778, 784 (Del.1990) ("The 'law of the case' is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation."). Second, the equitable concern of preventing injustice may trump the "law of the case" doctrine. *See Brittingham v. State*, 705 A.2d 577, 579 (Del.1998).[16]

■ The law of the case doctrine does not preclude this Court or the Superior Court from reexamining the prior rulings in this case when the factual premises of those prior rulings are demonstrated to have been mistaken. In fact, the record reflects that this Court "concluded that this matter should be remanded to the Superior Court, on an expedited basis, for reconsideration of its order denying Hamilton's petition for postconviction relief ...."[17] This appeal was specifically remanded to the Superior Court "to reconstruct, if possible, the record of Hamilton's resentencing proceedings."[18]

In its initial decision denying Hamilton's motion for relief before remand, the Superior Court had rejected Hamilton's contentions that the sentences imposed by Judge Martin on October 13, 1988 were concurrent and should commence on January 24, 1977. In rejecting Hamilton's contentions, the Superior Court essentially relied on

**13.** *Hamilton v. State*, 769 A.2d 743, 746 (Del. 2001).

**14.** *Id; see also Watson v. Burgan*, 610 A.2d 1364, 1368–69 (Del.1992).

**15.** *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1181–82 (Del.2000) (emphasis in original).

**16.** *Weedon v. State*, 750 A.2d 521, 527–28 (Del.2000).

**17.** *Hamilton v. State*, No. 576, 2002, Walsh, J. (Jan. 28, 2003) (ORDER).

**18.** *Hamilton v. State*, No. 576, 2002, Walsh, J. (Feb. 24, 2003) (ORDER).

Del.Code Ann. tit. 11, § 3901(d), and found that concurrent sentencing was not permitted under Delaware law. Other factors also contributed to the original misunderstanding of Hamilton's contentions. Hamilton's contention that his resentencing actually occurred on October 13, 1988, not September 2, 1988 as some docket entries suggested, was not accepted until an attorney from the Office of Disciplinary Counsel actually inquired into the records in the Prothonotary Office and confirmed Hamilton's contention that his resentencing occurred on October 13, rather than September 2, 1988. Hamilton, a *pro se* prisoner who could not examine the court file, had previously been unable to obtain requested court documentation in presenting his contentions. Judge Martin's originally misconstrued intent that was reflected in the originally misdated sentencing order was later verified by the contemporaneous sentencing worksheets and other records discovered by the prosecutor. Despite the court reporter's lost notes of the original sentencing hearing on October 13, 1988, the Superior Court on remand reconstructed from all available documentation the terms of Hamilton's October 13 resentencing.

On reconsideration after remand and on further review of the record, the Superior Court recognized that the robbery and conspiracy sentences in question, although originally imposed in 1977 and reimposed by Judge Martin on October 13, 1988, had been imposed for offenses that actually occurred in 1975 when concurrent sentencing was permitted under Delaware law. Under this circumstance, these robbery and conspiracy sentences could not only have legally been imposed concurrently to each other but also concurrently to the 1976 sentences imposed by Judges Stiftel and Longobardi in 1976, amounting to a cumulative nine years, because those offenses had also occurred before concurrent

sentencing was prohibited in 1976. Therefore, on October 13, 1988, when Judge Martin reimposed these sentences to commence on January 24, 1977, the robbery and conspiracy sentences were being reimposed concurrent to the other cumulative nine-year sentences that had been imposed in 1976.

As for the excerpt in the 1988 sentencing form order to the effect that "[i]f the defendant is presently serving another sentence, this sentence shall begin at the expiration of such other sentence being served," this sentencing form excerpt not only facially complied with the post–1976 status of the law generally forbidding concurrent sentencing, but also correctly took into account that the sentences reimposed by Judge Martin in 1988 must be served consecutively to the prison contraband and conspiracy sentences that had been imposed the previous year by Judge Balick and that Hamilton was then presently serving in 1988. This was in contrast to the cumulative nine-year sentences that had been imposed by Judges Stiftel and Longobardi in 1976 which had expired in 1985 and that Hamilton was no longer presently serving when he was resentenced by Judge Martin in 1988.

As the Superior Court correctly recognized in its more recent findings on remand after reconsideration of the record:

[I]t appears [from] the record and [from the] position [ ] of the parties that the sentences imposed by Judge Martin on October 13, 1988 in IN76–08–0906 and IN76–08–0907, were to run concurrently. Moreover, the effective date of the sentence that must be used by the Department of Corrections is January 24, 1977. That is the effective date Judge Martin specifically directed that his sentences begin to run. Exactly why he chose

that date is not known at this time, but it is a certainty.

### Erroneous Exception Applies

■ The "law of the case" doctrine is well established in Delaware and stands for the proposition that a court will not consider a previously litigated and decided issue under Rule 35(a).[19] The prior rulings of a court "must stand *unless* those rulings were *clearly in error* or there has been an important change in circumstance."[20] The record reflects that the Superior Court's prior summary rejection of Hamilton's claim for relief and this Court's prior ruling regarding the proper calculation of Hamilton's sentences were both clearly in error. Thus, Hamilton has demonstrated why reconsideration of the claims is warranted. Under the "clearly erroneous" exception to the doctrine of law of the case, the Superior Court properly considered and granted Hamilton's previously rejected sentence calculation claim.

### Conclusion

The Superior Court's reconsideration on remand of its prior decision that was the original subject of this appeal is legally appropriate and permissible. The law of the case doctrine recognizes that reconsideration of a prior decision may be warranted by "changed circumstances" or to prevent an injustice,[21] or when "there has been an important change in circumstances, in particular, the factual basis for issues previously posed."[22]

The Superior Court's findings on remand from this Court are supported by competent evidence and are not clearly erroneous.[23] The findings on remand are the result of a logical and orderly deductive process.[24] Therefore, the Superior Court judgment that denied Hamilton's motion for relief is vacated and the judgment of the Superior Court upon remand that granted Hamilton relief is affirmed.

This matter is remanded for expedited proceedings in accordance with the Superior Court's opinion on remand. The mandate shall issue immediately.

**19.** *Brittingham v. State,* 705 A.2d 577, 579 (Del.1998).

**20.** *Bailey v. State,* 521 A.2d 1069, 1093 (Del. 1987) (emphasis in original).

**21.** *Gannett Co., Inc. v. Kanaga,* 750 A.2d at 1181–82.

**22.** *Weedon v. State,* 750 A.2d 521, 527–28 (Del.2000).

**23.** *DeJesus v. State,* 655 A.2d 1180, 1194 (Del. 1995).

**24.** *Hunter v. State,* 783 A.2d 558, 561 (Del. 2001).