IN THE SUPREME COURT OF THE STATE OF DELAWARE

HARRY W. ANDERSON, §
§ No. 648, 2013
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware in and for
v. § New Castle County
§
STATE OF DELAWARE, §
§
Plaintiff Below, § Cr. ID No. 0511001605
Appellee. §

Submitted: May 9, 2014
Decided: July 14, 2014

Before, **STRINE**, Chief Justice, **BERGER** and **RIDGELY**, Justices.

**O R D E R**

This 14th day of July 2014, upon consideration of the parties' briefs on appeal and the Superior Court record, it appears to the Court that:

(1) In 2006, the appellant, Harry W. Anderson, pled guilty to Assault in the Second Degree and was sentenced to eight years at Level V suspended after one year for two years of probation. In 2007, the Superior Court found Anderson guilty of his first violation of probation ("VOP") and sentenced him to six years and six months at Level V suspended for two years at Level IV suspended after six months for the balance at Level III probation. After completion of a TASC evaluation, the Superior Court modified the first VOP sentence to specify that Anderson serve two years at

Level IV Crest, a substance abuse treatment program, suspended after successful completion for Level III Crest Aftercare. Later in 2007, the Superior Court found Anderson guilty of his second VOP and sentenced him to six years at Level V suspended for six years at Level IV work release suspended after six months for two years at Level III probation.

(2) In 2010, the Superior Court found Anderson guilty of his third VOP and sentenced him to six years at Level V suspended after one year and one month followed by six months at Level IV work release followed by one year at Level III probation. On appeal, we affirmed the Superior Court judgment but remanded the case to the Superior Court with instructions to credit Anderson with sixty-two days for time previously served.[1] On remand, the Superior Court modified the third VOP sentence to credit Anderson with sixty-two days.[2]

(3) On January 30, 2013, the Superior Court found Anderson guilty of his fourth VOP and sentenced him to six years at Level V suspended after four years for six months at Level II probation. On appeal, we affirmed the Superior Court judgment but remanded the case to the Superior Court with

---

[1] *Anderson v. State*, 2011 WL 2463069 (Del. June 20, 2011).

[2] *See* docket at 99, *State v. Anderson*, Del. Super., Cr. ID No. 0511001605, (Sept. 13, 2011) (filing of modified VOP sentence order). One week later, the Superior Court, after a hearing, again modified the third VOP sentence to credit Anderson with one year, six months and seven days. *See* docket at 100.

instructions to credit Anderson with 348 days for time previously served.[3] On remand, by order dated October 30, 2013, the Superior Court modified the fourth VOP sentence to require that Anderson serve only four years at Level V followed by six months at Level II probation.

(4)    This is Anderson's appeal from the October 30, 2013 modified sentence order.  On appeal, Anderson argues that the October 30, 2013 modified sentence order and the sentences imposed on his second, third, and fourth VOPs are illegal because they exceeded the terms of the first VOP sentence.

(5)    At the outset, we note that Anderson is precluded from appealing the sentences imposed on his second, third, and fourth VOPs as part of this appeal.  This appeal is limited to review of the modified sentence order issued on October 30, 2013.  Moreover, having carefully considered the parties' briefs and the Superior Court record, we conclude that Anderson's claims concerning the October 30, 2013 modified sentence order are without merit.  First, to the extent the October 30, 2013 modified sentence order imposes the same terms as the fourth VOP sentence and those terms were considered on appeal and affirmed, the "law of the case" doctrine bars re-litigation of the terms in the absence of clear error in our decision on

---

[3] *Anderson v. State*, 2013 WL 5434596 (Del. Sept. 25, 2013).

appeal or any important change of circumstance since that time.[4]  Second, although Anderson would have us conclude otherwise, the six-month period of Level II probation imposed as part of the October 30, 2013 modified sentence order does not constitute an increase in his sentence.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[4] *Hamilton v. State*, 831 A.2d 881, 887 (Del. 2003).

[5] *See* Del. Code Ann. tit. 11, § 4204(l) (2010) (requiring the Superior Court to impose an additional period of transitional supervision of not less than six months at either Level IV, III or II for any sentence of imprisonment of one year or more).