# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| 21ST CENTURY ASSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: N13C-06-212 FWW |
| LIBERTY MUTUAL INSURANCE CO., | ) ) ) | |
| Defendant. | ) ) | |

Submitted: March 6, 2015
Decided: March 23, 2015

Upon Defendant's Motion for Summary Judgment
**GRANTED.**

## ORDER

Amanda L. H. Brinton, Esquire, The Law Offices of Amanda L. H. Brinton, 521 North West Street, Wilmington, DE 19801, Attorney for Plaintiff 21st Century Assurance Company.

David L. Baumberger, Esquire, Law Offices of Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, DE 19806, Attorney for Defendant Liberty Mutual Insurance Co.

**WHARTON, J.**

This 23rd day of March, 2015, upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's Opposition, oral argument, the audio recording of the Court's ruling on Defendant's previous Motion for Summary Judgment[1] and the parties supplemental submissions, it appears to the Court that:

1.    Plaintiff 21st Century Assurance Co. ("21st Century") initiated this action on June 20, 2013 by filing a Complaint, seeking, *inter alia,* subrogation against Liberty Mutual Insurance Company ("Liberty Mutual").[2] The claim arises out of a motor vehicle accident in which a vehicle insured by 21st Century was involved in an accident with a vehicle insured by Liberty Mutual.[3] As a result of the accident expenses in the form of personal injury protection ("PIP") benefits were paid to or on behalf of the occupant of the vehicle insured by 21st Century.[4] 21st Century is seeking judgment against Liberty Mutual for those PIP benefits as well as future PIP payments.[5]

2.    On December 20, 2013, Liberty Mutual moved for summary judgment on the basis that the matter was adjudicated in arbitration,

---

[1] A now retired judge of this Court heard argument and ruled from the bench on Defendant's previous Motion for Summary Judgment.
[2] Compl., D.I. 1.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 8.
[5] *Id.*

barring 21st Century's claim by operation of law.[6]  Liberty Mutual argued that 21 *Del. C.* § 2118(g)(3) requires that disputes among insurers as to liability or payments are required to be arbitrated and that arbitrators' decisions are not appealable.[7]  In Liberty Mutual's view, it was entitled to summary judgment because the arbitrator determined that 21st Century did not have a right of PIP subrogation since 21st Century's insured vehicle was insured and registered in New Jersey and PIP subrogation is only applicable to vehicles registered in Delaware and affording Delaware PIP benefits.[8]  21st Century opposed the motion, arguing that the matter was ejected from arbitration without a determination on the merits and that it was entitled to appeal the arbitrator's decision under 21 *Del. C.* § 2118(j)(5).[9]

3.    On April 29, 2014 the Court held oral argument on Liberty Mutual's motion.  At the conclusion of argument, the Court denied the motion for summary judgment, but directed that 21st Century amend its complaint to reflect the case as an appeal, holding that an appeal from the arbitrator's decision was permissible.[10]  A form of order was

---

[6] Def.'s Mot. Summ. J., D.I. 5, ¶¶ 8-9.
[7] *Id.*
[8] *Id.* at ¶ 3.
[9] Pl.'s Resp. in Opp'n to Def.'s Mot. Summ. J., D.I. 7.
[10] There was some confusion at oral argument on the present motion as to whether or not the judge ruled, in fact, that 21st Century could appeal the arbitrator's decision.  The Court has

3

submitted and signed by another judge because the initial judge had retired in the interim.[11]

4. On September 3, 2014, 21st Century filed an amended complaint captioned "Amended Complaint/Appeal From Arbitration Forums, Inc. Decision Dated June 3, 2013."[12] With the exception of the caption, the new filing was identical to the original Complaint. Liberty Mutual again moved for summary judgment "pursuant to 21 *Del. C.* § 2118(g)(3) and Rules 12 and 56 for lack of subject matter jurisdiction."[13] 21st Century opposed the motion for the same reasons it opposed Liberty Mutual's first Motion for Summary Judgment as well as asserting a common law right of subrogation.[14]

5. The Court heard argument on Liberty Mutual's Motion for Summary Judgment on January 27, 2015. Because the Court subsequently determined that the previously assigned judge had ruled that 21st Century was entitled to an appeal, the Court requested the parties to submit memoranda on the applicability of any exceptions to the law of

---

listened to the audio recording of the argument and it is clear that the judge ruled that 21st Century was entitled to an appeal.

[11] D.I. 12.

[12] Am. Compl., D.I. 13.

[13] Def.'s Mot. Summ. J., D.I. 15.

[14] Pl.'s Resp. in Opp'n to Def.'s Mot. Summ. J., D.I. 16.

the case doctrine.[15]   The parties have submitted the requested memoranda.[16]

6.      Three issues are presented for the Court's determination: 1) whether the ruling on Liberty Mutual's initial motion for summary judgment was correct; 2) if not, whether an exception to the law of the case doctrine allows for a different result; and 3) whether a common law right of subrogation exists so as to allow 21st Century to bring a complaint for subrogation directly in this Court.

7.      Two courts of this state have addressed the issue of whether an insurer has a right to appeal from an adverse arbitration ruling.  In *New Hampshire Ins. Co. v. State Farm Ins. Co.*[17] New Hampshire Insurance Company sought to appeal an adverse arbitration ruling to this Court.[18] The dispute in that case, as in this case, was between insurance companies, and, hence, subject to the mandatory arbitration provision of 21 *Del. C.* § 2118(g)(3).[19]  The Court held that the silence of § 2118 as to the right of an insurer to appeal the decision of an arbitrator was fatal to the claim that an appeal lies with the Superior Court.[20]

---

[15] D.I. 19.
[16] D.I. 20-22.
[17] 643 A.2d 328 (Del. Super. 1993).
[18] *Id.* at 329.
[19] *Id.*
[20] *Id.*

8.    In *Zurich American Ins. Co. v. St. Paul Surplus Lines, Inc.*[21] the Court of Chancery was called upon to determine whether the court could review an arbitrator's dismissal of a PIP insurance case for lack of jurisdiction based on the internal rules of the arbitration forum and the governing arbitral agreement.[22]   The matter was before the Vice-Chancellor on a petition to correct and confirm the arbitration award, filed after the arbitrator had dismissed the claim on jurisdictional grounds despite finding that Zurich's damages had been proven, and after Zurich's subsequent Superior Court action had been dismissed.[23] The Court of Chancery reviewed the applicable statutes, including 21 *Del. C.* § 2118, and determined that the legislature had not provided for appellate review where the statutorily mandated arbitration was foreclosed on jurisdictional grounds by the arbitrator's internal rules.[24]

9.    In *State Farm Mut. Auto. Ins. Co. v. United Parcel Service of America, Inc.*[25] the Superior Court addressed the issue of whether the Superior Court had jurisdiction in a PIP insurance subrogation case in light of 21 *Del. C.* § 2118.[26]   State Farm had paid PIP benefits to its insureds and was seeking judgment in Superior Court against United Parcel Service,

---

[21] 2009 WL 4895120 (Del. Ch. Dec. 10, 2009).
[22] *Id.* at *1.
[23] *Id.* at *2-3.
[24] *Id.* at *9.
[25] 2012 WL 1495338 (Del. Super. Jan. 31, 2012).
[26] *Id.* at *1.

a self insurer under § 2118, claiming that it was entitled to subrogation.[27] The claim originally was dismissed in arbitration for lack of jurisdiction.[28] State Farm then sued in Superior Court.[29] The Court recognized that the ability of the arbitrator to decline jurisdiction seemed at odds with the statute's mandatory arbitration provision, nevertheless it held that the Superior Court lacked jurisdiction over the matter.[30]

10. The Court must consider two subsections of 21 *Del. C.* § 2118. Section 2118(g)(3) requires that insurers arbitrate their disputes as to liability amounts paid.[31] Section 2118(g)(3) does not contain any provision for appeal.[32] Section 2118(j) requires an insurer to submit to arbitration upon request of a party[33] claiming to have suffered a loss.[34] The right of the party to request arbitration is optional.[35] Section 2118(j)(5) does provide for the right of an appeal *de novo* to the Superior Court.[36] It is clear to the Court that the mandatory arbitration provision of § 2118(g)(3) required 21st Century and Liberty Mutual to submit this

---

[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.* at *3-4.
[31] 21 *Del. C.* § 2118(g)(3).
[32] *Id.*
[33] In this context, "party" refers to the claimant and not the claimant's insurer. *See, State Farm, supra,* at *2.
[34] 21 *Del. C.* § 2118(j).
[35] 21 *Del. C.* § 2118(j)(5).
[36] *Id.*

matter to arbitration. The parties apparently believed they were required to submit the matter to arbitration as well, because that is exactly what they did. After being ejected from arbitration, 21st Century seeks to appeal to this Court, but, "Without specific statutory authority to do so, the Superior Court has no jurisdiction to hear an appeal. (citations omitted.) Thus, § 2118(g)(3) does not grant the Superior Court jurisdiction to hear an appeal from mandatory arbitration between insurers."[37] 21st Century cannot avail itself of the appeal provisions of § 2118(j)(5) because the matter was not eligible to be arbitrated under that section. Whether the matter was arbitrated on the merits or not (as 21st Century claims) is of no significance. The matter was required to go before an arbitration forum from which there is no appeal. Accordingly, the Court finds that it has no jurisdiction to entertain this case as an appeal.

11. Next, the Court turns to the fact that a judge previously assigned to this case permitted an appeal under 21 *Del. C.* § 2118(j)(5) that this Court has determined to be impermissible. Normally, matters previously litigated are not subject to re-litigation. However, where the previous ruling was clearly in error, it makes no sense to defer correction of the

---

[37] *New Hampshire Ins. Co., supra*, at 329-330.

error until appeal.[38] If error can be corrected now, before the case reaches appeal, it manifestly should be. The Court finds that the previous ruling permitting an appeal under § 2118(j)(5) was clearly in error and will not be protected by the law of the case doctrine.

12. Finally, 21st Century argues that it can maintain this claim under a common law right of subrogation. However, to the extent that common law subrogation exists, it does not exist with respect to disputes between insurers. A common law right of subrogation, operating in parallel with 21 *Del. C.* § 2118(g)(3), would effectively vitiate the mandatory arbitration provision of that statute. Further, a system countenancing both mandatory arbitration and independent common law subrogation claims is a system ripe for confusion in the event of differing or inconsistent awards.

13. The authorities cited by 21st Century do not warrant a different result, inasmuch as none of those cases addressed the issue present here - whether an insurer has a common law right to bring a subrogation claim in Superior Court against another insurer. In fact, in *Waters v. United States*[39] the Delaware Supreme Court specifically declined to address that issue, holding that the question of whether Waters could assert a common law right of subrogation against the United States,

---

[38] *Hamilton v. State,* 831 A.2d 881 (Del. 2003); *Weedon v. State,* 750 A.2d 521 (Del. 2000).
[39] 787 A.2d 71 (Del. 2001).

9

which was treated as a self insurer for purposes of 21 *Del. C.* § 2118 analysis, was not before it.[40]  In *Nationwide Mut. Ins. Co. v. Wooters*[41] the Court held that an insurer could sue an *individual tortfeasor* directly where the tortfeasor's insurer was not subject to Delaware's no-fault law because it was not licensed to do business in Delaware and not statutorily required to submit to arbitration.[42]   In *International Underwriters, Inc. v. Blue Cross and Blue Shield of Del., Inc.*[43]  the issue was whether § 2118 may reasonably be construed as barring a subrogation claim by a health care carrier against a no-fault carrier for reimbursement of covered medical expenses of both carriers' insured resulting from a motor vehicle accident.[44]  In construing a different statute applicable to that case – 21 *Del. C.* § 2118(f) - the Court held that Blue Cross was not a no-fault carrier and its subrogation rights were not governed by § 2118.[45]  Similarly, *Givens v. Street,*[46] the holding of which was cited with approval and adopted in *International Underwriters,*[47] held that "The no-fault statute cannot properly be construed as governing subrogation rights arising under insurance

---

[40] *Id.* at 73-74.
[41] 1996 WL 280778 (Del. Super. Jan. 31, 1996), *aff'd* 682 A.2d 71 (Del. 2001).
[42] *Id.* at *1.
[43] 449 A.2d 197 (Del. 1982).
[44] *Id.* at 197.
[45] *Id.* at 199.
[46] 405 A.2d 704 (Del. Super. Jun. 27, 1979).
[47] *International Underwriters, supra,* at 199.

contracts not governed by the no-fault statute…"[48]  Here there is no dispute that both parties are subject to the no-fault statute.  Since all of the foregoing cases deal with issues different than the one presented here, none of them controls the outcome in this case.

14.    Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law.[49] The Court finds that there are no issues of material fact relating to the question of the Court's subject matter jurisdiction.  The Court further finds that Liberty Mutual is entitled to judgment as a matter of law. Specifically, the Court finds that 21st Century has no right of appeal under 21 *Del. C.* §2118(j)(5); that the Court's previous ruling to the contrary was clearly in error; and that, under these facts, 21st Century has no right to bring a common law subrogation claim.

Therefore, because this Court lacks subject matter jurisdiction, Defendant's Motion for Summary Judgment is hereby **GRANTED.**


**IT IS SO ORDERED.**


_____
/s/ Ferris W. Wharton, J.

---

[48] *Givens, supra,* at 706.
[49] Super. Ct. Civ. R. 56(c).

11