IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH M. WALLS, | § | |
| | § | No. 402, 2017 |
| Petitioner Below-<br>Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| PERRY PHELPS, | § | C.A. No. N17M-05-282 |
| | § | Cr. ID Nos. 86001399DI |
| Respondent Below-<br>Appellee. | § | and 86013001DI |
| | § | |

Submitted: June 11, 2018
Decided: August 1, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Joseph Walls, filed this appeal from the Superior Court's order dated September 6, 2017, denying his motion for reargument of the Superior Court's order dated May 30, 2017, denying his petition for a writ of habeas corpus. Walls is serving a life sentence, with the possibility of parole, plus a term of eighty-nine years. Walls sought habeas corpus relief, arguing that the Department of Correction had miscalculated his parole eligibility date. The State has moved to affirm the Superior Court's judgment

on the ground that it is manifest on the face of Walls' opening brief that the appeal is without merit. We agree and affirm.

(2) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[1] Under Section 6902 of Title 10 of the Delaware Code, habeas corpus relief is not available to a petitioner who is "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[2] A Superior Court jury convicted Walls in 1986 and again in 1987 of multiple felony charges arising from two different home invasions. The Superior Court sentenced him accordingly. Walls' commitment is valid on its face, and he continues to be held in accordance with that valid commitment. To the extent Walls contends that the Department of Correction has miscalculated his good time credits and thus miscalculated his parole eligibility date, such issues cannot be reviewed on a writ of habeas corpus.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[2] 10 *Del. C.* § 6902.
[3] *See Hamilton v. State*, 769 A.2d 743, 746 (Del. 2001).