# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-11-152 ALR |
| | ) | |
| NATIONWIDE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Appellee. | ) | |
| | | |
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-09-244 EMD |
| | ) | |
| VICTORIA INSURANCE COMPANY, | ) ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION

Date Submitted: April 20, 2016
Date Decided: May 25, 2016

*Upon Appellees' Consolidated Motion to Dismiss – GRANTED*

Christofer C. Johnson, Esq., Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware, Attorney for Appellants City of Wilmington

Kiadii S. Harmon, Esq., Law Office of Cynthia G. Beam, Newark, Delaware, Attorney for Appellee Nationwide Insurance Company

Carol J. Antoff, Esq., Law Office of Cynthia G. Beam, Newark, Delaware, Attorney for Appellee Victoria Insurance Company

**ROCANELLI, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Victoria Action

In February 2012, a City of Wilmington ("Wilmington") police officer struck a parked vehicle with two occupants when the officer attempted to avoid hitting an animal in the road. One or more of the occupants was insured by Victoria Insurance Company ("Victoria"). As a result of the accident, Victoria paid $30,000.00 in the form of personal injury protection ("PIP") benefits. Subsequently, Victoria filed a petition with the Delaware Insurance Commissioner ("Commissioner") to recover the amounts paid out by Victoria, *i.e.* seeking subrogation. An arbitration proceeding between Wilmington and Victoria was scheduled for August 28, 2015 before the Department of Insurance Arbitration Award Panel ("Arbitration Panel"). Wilmington did not attend the arbitration and the Arbitration Panel found in favor of Victoria, awarding Victoria $30,000.00 in subrogation.[1] On September 28, 2015, Wilmington commenced an action in the Superior Court against Victoria ("Victoria Action") demanding a trial *de novo* from the Arbitration Panel award in favor of Victoria.

### B. The Nationwide Action

In May 2012, a collision occurred between a Wilmington police officer and a civilian vehicle with two occupants. One or more of the occupants was insured

---

[1] As noted below, Wilmington's failure to participate does not change the Court's analysis.

by Nationwide Insurance Company ("Nationwide"). As a result of the accident, Nationwide paid $30,000.00 in PIP benefits. Nationwide filed a petition with the Commissioner to recover the amounts paid out by Nationwide, *i.e.* seeking subrogation. On October 19, 2015, Wilmington and Nationwide participated in arbitration before the Arbitration Panel, which apportioned liability at fifty percent (50%) to each party and, therefore, awarded Nationwide $15,000.00 in subrogation. On November 18, 2015, Wilmington commenced an action in the Superior Court against Nationwide ("Nationwide Action") demanding a trial *de novo* from the Arbitration Panel award.

## C. Consolidation of the Victoria Action and the Nationwide Action

On February 26, 2016, Nationwide filed a motion to dismiss the Nationwide Action, arguing that the Court lacks subject matter jurisdiction over the Nationwide Action under Superior Court Civil Rule of Procedure 12(b)(1) and 21 *Del. C.* § 2118(g)(3). On March 2, 2016, Victoria filed a motion to dismiss the Victoria Action, presenting a nearly identical argument – that the Superior Court lacks subject matter jurisdiction to hear the Victoria Action.

On March 30, 2016, Wilmington filed a motion to consolidate the Nationwide Action and the Victoria Action for the limited purpose of considering the pending motions to dismiss. Because the motions present common questions of law, in the interest of judicial economy and to avoid any unnecessary costs or

3

delay in the actions,[2] this Court consolidated the Nationwide Action and the Victoria Action by Order dated April 20, 2016, for the limited purpose of considering the nearly identical motions to dismiss. The consolidated motion to dismiss is the matter presently before this Court.

## STANDARD OF REVIEW

Pursuant to Superior Court Rule of Procedure 12(b)(1), this Court must dismiss an action for lack of subject matter jurisdiction if "it appears from the record that the Court does not have jurisdiction over the claim."[3] Unlike a motion to dismiss under Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is more demanding on the non-moving party.[4] Indeed, the burden to establish that the Court has jurisdiction rests with Wilmington as the appellant.[5]

---

[2] *See* Super. Ct. Civ. R. 42(a) ("When actions involving a common question of law or fact are pending before the court, in the same county or different counties, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").

[3] *Airbase Carpet Mart, Inc. v. AYA Assocs., Inc.*, 2015 WL 9302894, at *2 (Del. Super. Dec. 15, 2015).

[4] *Id.* (citing *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007)).

[5] *See Appriva S'holder Litig. Co.*, 937 A.2d at 1284 n.14 (internal citations omitted) ("Unlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] Rule 12(b)(1) motion are far more demanding of the non-movant. The burden is on the [p]laintiffs to prove jurisdiction exists. Further, the Court need not accept [the p]laintiffs factual allegations as true and is free to consider facts not alleged in the complaint."); *see also Pitts v. City of Wilmington*, 2009 WL 1204492, at *5 (Del. Ch. Apr. 27, 2009) (noting that a plaintiff has the burden to establish subject matter jurisdiction); *Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1131 (Del. Ch. 2008) (same).

4

## DISCUSSION

### A. The Regulatory Scheme

Automobile insurance coverage is highly regulated by statute. Resolution of insurance disputes is also addressed by statute, which makes a limited distinction between insurers, such as Victoria and Nationwide, and entities that are self-insured, such as Wilmington. Subrogation is addressed in 21 *Del. C.* § 2118(g)(3) ("Subrogation Statute"), which provides two procedural routes for arbitration depending on whether a dispute is between insurers or between an insurer and a self-insured entity.[6] When the dispute is between insurers, the dispute is arbitrated by the Wilmington Auto Accident Reparation Arbitration Committee or its successors.[7] When a self-insured entity is involved, the dispute is resolved in the manner set forth for disputes involving insured persons – arbitration before the Commissioner.[8] Regardless of the procedural route for arbitration, this is a mandatory arbitration scheme.

On the other hand, whereas arbitration is mandatory for subrogation disputes between insurers and disputes between an insurer and a self-insured entity,[9] arbitration is merely optional for insured persons pursuant to 21 *Del. C.* §

---

[6] *See* 21 *Del. C.* § 2118(g)(3).
[7] *Id.*
[8] *Id.*; *see also* 21 *Del. C.* § 2118(j).
[9] 21 *Del. C.* § 2118(g)(3)(emphasis added) ("Disputes among insurers as to liability or amounts paid . . . *shall* be arbitrated by the Wilmington Auto Accident Reparation Arbitration Committee or its successors. Any disputes arising between an insurer or insurers and a self-insurer or self-insurers *shall* be submitted to arbitration . . . .").

2118(j)(5) ("Optional Arbitration Statute").[10]  Further, while the Subrogation Statute does not provide appellate rights from mandatory arbitration proceedings, the Optional Arbitration Statute explicitly provides insured persons with a right to appeal *de novo* to the Superior Court after participating in an optional arbitration proceeding.[11]  Accordingly, the Optional Arbitration Statute does not divest insured persons the opportunity for dispute resolution with a court of law.

## B. The Decisional Law

This Court finds that the Superior Court's rulings in *21st Century Assurance Co. v. Liberty Mutual Insurance Co.*[12] and *New Hampshire Insurance Co. v. State Farm Insurance Co.*[13] are dispositive.  Wilmington is treated as an insurer and not as an insured person under the regulatory scheme.  Accordingly, these cases are dispositive despite the distinction between an insurer and a self-insured entity.

In *21st Century Assurance Co.*, Liberty Mutual Insurance Co. ("Liberty Mutual") filed a motion for summary judgment in a subrogation action commenced by 21st Century Assurance Co. ("21st Century").[14]  Liberty Mutual argued that the matter was previously adjudicated in arbitration pursuant to the Subrogation Statute, that 21st Century had no right to appeal the arbitrator's decision and,

---

[10] 21 *Del. C.* § 2118(j)(5) ("The right to require such arbitration shall be purely optional . . . .").
[11] *Id.* (" . . . and the losing party shall have a right to appeal de novo to the Superior Court . . . .").
[12] 2015 WL 1405925 (Del. Super. Mar. 23, 2015).
[13] 643 A.2d 328, 329 (Del. Super. 1993).
[14] *21st Century Assurance Co.*, 2015 WL 1405925, at *1.

therefore, the Superior Court lacked subject matter jurisdiction over 21st Century's appeal.[15]

The Court granted Liberty Mutual's motion for summary judgment, finding that it lacked subject matter jurisdiction over the appeal.[16] The Court noted that, because the dispute arose between two insurers, the dispute was subject to the mandatory arbitration provision of the Subrogation Statute.[17] The Court reasoned that it did not have jurisdiction over 21st Century's appeal because the Court was not given any statutory authority to hear the appeal.[18] Further, the Court determined that 21st Century could not avail itself of the appeal provision of the Optional Arbitration Statute because the dispute between 21st Century and Liberty Mutual was not eligible to be arbitrated under the Optional Arbitration Statute.[19]

Similarly, in *New Hampshire Insurance Co. v. State Farm Insurance Co.*, the Superior Court determined that the insurers were subject to the mandatory arbitration provision of the Subrogation Statute.[20] The Court noted that the Subrogation Statute is silent as to the right of appeal and, therefore, "this silence is fatal to any claim that an appeal lies with the Superior Court."[21] Accordingly, the Court held that it lacked subject matter jurisdiction to hear an appeal from

---

[15] *Id.*
[16] *Id.* at *3.
[17] *Id.* at *2.
[18] *Id.*
[19] *Id.*
[20] 643 A.2d at 329.
[21] *Id.*

7

mandatory arbitration between insurers where there was no specific statutory authority granting the Superior Court such jurisdiction.[22]

## C. **The Parties' Contentions**

Wilmington argues that this Court has jurisdiction over its appeal from the Arbitration Panel, pursuant to the explicit right of appeal in the Optional Arbitration Statute. In contrast, Nationwide and Victoria argue that Wilmington's reliance on the Optional Arbitration Statute is misplaced. Nationwide and Victoria contend that Wilmington cannot rely on the benefit of the appeal provision in the Optional Arbitration Statute when each of their respective arbitration proceedings was mandatory pursuant to the Subrogation Statute, which does not provide for a right of appeal.

Further, Wilmington argues that this Court should distinguish the rulings in *21st Century Assurance Co.* and *New Hampshire Insurance Co.* because those lawsuits involved disputes between insurers and the pending matter before the Court involves disputes between an insurer and a self-insured entity. Wilmington is incorrect because it is treated as an insurer for the purposes of mandatory arbitration under the Subrogation Statute, and not as an insured person under the Optional Arbitration Statute.

---

[22] *Id.*

**D. The Superior Court does not have subject matter jurisdiction over the Nationwide Action or the Victoria Action.**

All parties concede that Wilmington is a self-insured entity and that Nationwide and Victoria are insurers. Accordingly, because this dispute is between Wilmington—a self-insured entity—and Nationwide and Victoria—insurers—arbitration was mandated for any subrogation dispute under the Subrogation Statute.[23] The Subrogation Statutes provides that any dispute between an insurer and a self-insured entity "*shall* be submitted to arbitration."[24] Although the Subrogation Statute notes that this mandatory arbitration must be "conducted by the Commissioner in the same manner as the arbitration of claims provided for in [the Optional Arbitration Statute,]"[25] the Court finds that this relates to the manner in which the arbitration proceeding itself must be conducted, but does not extend the right of appeal explicitly provided in the Optional Arbitration Statute. Therefore, the Subrogation Statute provides that a dispute between an insurer and a self-insured entity shall proceed in accordance with the Optional Arbitration Statute with respect to the requirement that the arbitration be administered by the Commissioner.

---

[23] *See* 21 *Del. C.* § 2118(g)(3) (emphasis added) ("Any disputes arising between an insurer or insurers and a self-insurer or self-insurers *shall* be submitted to arbitration which shall be conducted by the Commissioner in the same manner as the arbitration of claims provided for in subsection (j) of this section.").

[24] *Id.* (emphasis added).

[25] *Id.*

Unlike the Subrogation Statute, which provides that arbitration is *mandatory* for disputes between a self-insured entity and an insurer,[26] the Optional Arbitration Statute provides parties with an *optional* right to request arbitration.[27] However, for a self-insured entity such as Wilmington, the Optional Arbitration Provision does not serve as a procedural alternative to the mandatory arbitration process required in the Subrogation Statute. Moreover, there is no right of appeal in the Subrogation Statute for mandatory arbitration regardless of before whom the mandatory arbitration takes place.

Regardless of whether the dispute is between insurers or between an insurer and a self-insured entity, the Subrogation Statute does not provide for the right of appeal to the Superior Court from the mandatory subrogation arbitration proceeding regardless of whether the dispute is between insurers or between an insurer and an entity that is self-insured. Accordingly, while the arbitration proceeding for subrogation is procedurally different depending on whether the dispute is between insurers or between an insurer and a self-insured entity, self-insured entities are not provided any additional rights as compared to insurers. Rather, by agreeing to provide insurance in the State of Delaware, self-insured entities are subject to the same regulatory scheme as insurers.

---

[26] 21 *Del. C.* § 2118(g)(3).
[27] 21 *Del. C.* § 2118(j)(5).

Accordingly, this Court lacks subject matter jurisdiction over Wilmington's appeals in both the Nationwide Action and the Victoria Action.[28]

### CONCLUSION

This Court does not have jurisdiction over appeals between parties that were required to participate in mandatory arbitration under the Subrogation Statute. Accordingly, the Nationwide Action and the Victoria Action must be dismissed.

**NOW, THEREFORE, this 25th day of May, 2016, the motions to dismiss filed by Appellees Nationwide Insurance Company and Victoria Insurance Company are hereby GRANTED. These cases are hereby DISMISSED, each party to bear its own costs.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[28] This Court finds that it is insignificant that City did not appear for arbitration with Victoria. *See 21st Century Assurance Co.*, 2015 WL 1405925, at *2 ("Whether the matter was arbitrated on the merits or not . . . is of no significance. The matter was required to go before an arbitration forum from which there is no appeal.").