# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITY OF WILMINGTON, | ) | |
| | ) | |
| | ) | C.A. No. N16C-05-261 PRW |
| Plaintiff, | ) | Consolidated |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO ADVANTAGE | ) | |
| INSURANCE COMPANY, a | ) | |
| Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| CITY OF WILMINGTON, | ) |
| | ) |
| Appellant/ | ) |
| Defendant Below, | ) |
| | ) |
| v. | ) |
| | ) |
| GEICO GOVERNMENT | ) |
| EMPLOYEES INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Appellee/ | ) |
| Plaintiff Below. | ) |

Submitted: September 26, 2016
Decided: November 22, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION TO DISMISS BE DENIED AND PLAINTIFF'S
MOTIONS TO CONVERT TO WRIT OF CERTIORARI BE GRANTED**

1

Sarah A. Fruehauf, Esquire, and Christofer C. Johnson, Esquire, Assistant City Solicitor, Louis L. Redding City/County Building, 800 French Street, 9th Floor, Wilmington, Delaware

Amanda T. Dobies, Esquire, The Law Office of Dawn L. Becker, Citizens Bank Center, 919 Market Street, Suite 725, Wilmington, Delaware

**Commissioner,** Mayer

This 22nd day of November 2016, upon consideration of the issues presented in these matters,[1] it appears to the Court that:

## INTRODUCTION

The facts and history of these cases are set forth below and present a troubling set of circumstances. It is evident from a review of the record that the lower tribunal lacked subject matter jurisdiction over the parties' disputes. Despite this, the lower tribunal not only assumed jurisdiction after previously acknowledging it was lacking, but GEICO[2] would have this Court deny the City of Wilmington any avenue for review. For the reasons discussed herein, GEICO's Motion to Dismiss is denied and the City's Motions to Convert to a Writ of Certiorari are granted.

## FINDINGS OF FACT & PROCEDURAL HISTORY

### Civil Action No. N15C-09-218 ("Case 1")

On April 14, 2014, GEICO- Government Employees Insurance Company ("GEICO-Govt") filed a subrogation lawsuit against the City of Wilmington (the "City"), in the Court of Common Pleas.[3] The City moved to dismiss the lawsuit on

---

[1] Civil Action No. N15C-09-218 was consolidated with Civil Action No. N16C-05-261.

[2] Although the GEICO entities involved in these two matters appear to be two separate entities, where appropriate, they are collectively referred to as "GEICO".

[3] The facts for Case 1 were primarily taken from the City's Motion to Convert to Writ of Certiorari.

3

the grounds that the court lacked jurisdiction and argued that pursuant to 21 *Del. C.* §2118(g)(3) the proper forum for a dispute between an insurer (GEICO-Govt) and a self-insured entity (the City) is arbitration before the Delaware Insurance Commissioner. The Court of Common Pleas granted the motion and dismissed the matter without prejudice to it being re-filed in the appropriate arbitration venue.

On October 20, 2014, without notice to the City's counsel, GEICO-Govt re-filed its complaint by commencing a subrogation action against the City before Arbitration Forums, Inc. ("AFI") – not the Insurance Commissioner. Upon learning of the filing, the City again moved to dismiss the matter arguing AFI lacked jurisdiction because the complaint should have been brought before the Insurance Commissioner. On February 9, 2015, AFI dismissed the filing and upheld the City's affirmative defense of lack of jurisdiction.[4]

In complete disregard for AFI's ruling, and again without notice to the City's counsel, GEICO-Govt re-filed its previously dismissed complaint with AFI. The City claims it did not receive notice of this new complaint nor afforded an opportunity to respond. On July 2, 2015, an adverse judgment was entered by default against the City in the amount of $25,000.00. When the City learned of the decision, it filed a request for reconsideration with AFI and moved to vacate the decision on the basis that, consistent with AFI's previous decision, it lacked

---

[4] Case 1, Docket No. 6, Exhibit F.

4

jurisdiction. Curiously, although AFI had previously recognized that it lacked subject matter jurisdiction over the dispute, AFI declined to reconsider its judgment against the City and stated "AF is authorized to correct only those decisions where a clerical or jurisdictional error was made by AF or the arbitrator. Unfortunately, the issue you raised does not constitute a clerical or jurisdictional error."[5]

On September 23, 2015, the City filed an appeal with this Court from AFI's decision.[6] On August 29, 2016, the City filed a Motion to Convert to Writ of Certiorari.[7] On that same date, the City moved to consolidate this matter with Case 2 (summarized below).[8] On September 26, 2016, the Court granted the request to consolidate.[9] To date, GEICO-Govt has not appeared in this matter nor filed a response.

**Civil Action No. N16C-05-261 ("Case 2")**

On December 14, 2015, GEICO Advantage Insurance Company ("GEICO-AIC") filed another subrogation lawsuit in the Court of Common Pleas against the City that was subsequently voluntarily dismissed after the City again argued that

---

[5] Case 1, Docket No. 1, Exhibits.

[6] Case 1, Docket No. 1.

[7] Case 1, Docket No. 6.

[8] Case 1, Docket No. 7.

[9] Case 1, Docket No. 10; Case 2, Docket No. 17.

the appropriate forum to litigate the dispute was arbitration before the Delaware Insurance Commissioner. Thereafter, and up through February 10, 2016, the parties' counsel engaged in back and forth communications including discussions addressing whether the applicable statute, 21 *Del. C.* §2118(g)(3), directs subrogation claims, such as the one brought by GEICO-AIC, to be arbitrated before the Insurance Commissioner. During this time, unbeknownst to the City, GEICO-AIC filed a claim with AFI on December 26, 2016 and obtained a decision in its favor, by default, on February 17, 2016. Upon learning of the decision, the City appealed to AFI and argued both a clerical error with respect to improper service, as well as lack of jurisdiction. AFI denied the appeal on the basis that the City should have raised the issue in response to the complaint.

This matter was then brought before this Court by way of a Notice of Appeal filed by the City on May 26, 2016.[10] Similar to Case 1, the City argues AFI lacked jurisdiction over the City as a self-insured entity, and lacked jurisdiction over the subject matter of the litigation, under the subrogation statute. On June 16, 2016, GEICO-AIC filed a Motion to Dismiss the appeal in Case 2.[11] The City filed an Opposition to the Motion to Dismiss and simultaneously filed a Motion to Convert

---

[10] Case 2, Docket No. 1.

[11] Case 2, Docket No. 2.

to a Writ of Certiorari.[12] GEICO-AIC opposed the Motion to Convert[13] and oral argument was held on August 9, 2016. At the conclusion of the hearing, the parties were directed to submit supplemental briefing that is now complete.[14]

## CONCLUSIONS OF LAW

At the outset, it is important to note that jurisdiction to hear and determine disputes between an insurer and self-insured has been specifically carved out by statute and the correct forum for litigation of such disputes is mandatory arbitration before the Delaware Insurance Commissioner, not AFI. The second clause of 21 *Del. C.* §2118(g)(3) provides that:

> Disputes among insurers as to liability or amounts paid pursuant to paragraphs (1) through (4) of subsection (a) of this section shall be arbitrated by the Wilmington Auto Accident Reparation Arbitration Committee or its successors. *Any disputes arising between an insurer or insurers and a self-insurer or self-insurers shall be submitted to arbitration which shall be conducted by the Commissioner* in the same manner as the arbitration of claims provided for in subsection (j) of this section.

(emphasis added).[15] *See also State Farm Mut. Auto. Ins. Co. v. UPS*, 2012 WL 1495338, at *1 (Del. Super., Apr. 30, 2012) (citing the definition of self-insured in

---

[12] Case 2, Docket No. 6.

[13] Case 2, Docket No. 8.

[14] Although GEICO has not appeared in Case 1, the arguments in the City's Motion to Convert are almost identical to those raised in Case 2.

7

the Arbitration Forum Rules and recognizing that the proper venue for the dispute was arbitration by the Insurance Commissioner, not AFI); *New Hampshire Ins. Co. v. State Farm Ins. Co.*, 643 A.2d 328, 329 (Del. Super. 1994) (observing that the second clause of Section 2118(g)(3) requires a dispute between an insurer and a self-insurer, to be conducted by the Insurance Commissioner rather than the industry forum (AFI)).

The Court will first address the City's status as a self-insured entity and the implication that the underlying disputes fall within the scope of the second clause of the statute. GEICO relies on *City of Wilmington v. Nationwide Ins. Co.*, 2016 WL 3129421 (Del. Super., May 25, 2016),[16] to argue that the City should be treated as an "insurer" and not a "self-insured." Although the Court in this case stated that the City "is treated as an insurer for the purpose of mandatory arbitration under the Subrogation Statute," it is evident from the decision that the term "insurer" here was used solely for the purpose of differentiating between an "insurer/self-insured" – subject to mandatory arbitration, and an "insured person" – for whom the arbitration statute is optional. *Id.* at *2, 3. In other words, the purpose of the discussion was to support a finding that the City does not receive

---

[15] AFI is the successor to the Wilmington Auto Accident Reparation Arbitration Committee. *Williams v. AAA Mid-Atlantic Ins. Grp.*, 2011 WL 5299239 (Del. Super., Mar. 14, 2011).

[16] This matter is currently pending on appeal before the Supreme Court of Delaware, Case No. 318,2016.

8

the benefits afforded to an "insured person," not to make a finding that the City was for all purposes an "insurer." In its decision, the Court repeatedly recognized the City's status as a "self-insured entity."[17] Furthermore, GEICO has not offered anything to support an inference that the City of Wilmington – a governmental entity – is anything other than a "self-insured" entity or that it meets the definition of an "insurer".

Therefore, the proper forum for the underlying litigation – a dispute between an insurer and a self-insured entity – was arbitration before the Delaware Insurance Commissioner, not AFI. Indeed, AFI recognized it was not the proper forum when it granted the City's motion to dismiss for lack of jurisdiction. Incredulously, even after AFI issued a decision dismissing GEICO's application for lack of jurisdiction, GEICO simply re-filed the same complaint with AFI. AFI then erred when it assumed jurisdiction over the underlying disputes. AFI again erred later when it refused to allow the City to present the jurisdictional argument on the basis that the City had not raised it as an affirmative defense. "Subject matter jurisdiction, which comprises a tribunal's authority to hear the claim before it, cannot be waived by the parties." *Canal Ins. Co. v. Donovan*, 1997 WL 817881, at *3 (Del. Super., June 6, 1997) *citing Sternberg v. O'Neil*, 550 A.2d 1105, 1109

---

[17] *See e.g., City of Wilmington v. Nationwide*, at * 2 ("entities that are self-insured, such as Wilmington…"), and *4 ("[a]ll parties concede that Wilmington is a self-insured entity…").

(Del. Supr., 1988). AFI's refusal to consider the City's arguments and recognize the "jurisdictional error" was contrary to law.

Despite AFI's prior decision that it did not have jurisdiction, the clear effect of the statute, and the applicable legal authority demonstrating that the arbitration was improper, GEICO asserts that the City should not be afforded any relief from GEICO's improper actions. It is evident however, that AFI did not have jurisdiction to conduct the arbitration and a writ is an appropriate remedy under the facts and circumstances presented in this case. Here, the Court can correct AFI's jurisdictional error without addressing the liability issues of the dispute.

Although the City originally filed appeals in the Superior Court in both cases, it now moves to convert the appeals to petitions for writs of certiorari on the basis that AFI lacked jurisdiction. GEICO correctly relies on *City of Wilmington v. Nationwide* for its proposition that the City has no right of appeal.[18] In *City of Wilmington v. Nationwide*, this Court held that the Superior Court lacks subject matter jurisdiction to hear an appeal from the mandatory arbitration statute.[19] However, notably, this same decision buttressed the error of GEICO and AFI in this matter and recognized that "[w]hen a self-insured entity is involved, the dispute is resolved in the manner set forth for disputes involving insured persons –

[18] Although this matter is presently on appeal, this Court will apply this decision and its holding that, at this time, there is no right of appeal to the Superior Court under these circumstances.

[19] *City of Wilmington v. Nationwide*, at * 4.

10

arbitration before the Commissioner." *Id.* at *2. GEICO cherry-picks from controlling case law and asks this Court to rely on this case to deny the City's right of appeal but to turn a blind eye to the remainder of this decision that the proper forum was before the Insurance Commissioner and not AFI. Indeed, AFI recognized that it lacked statutory jurisdiction over the City, as a self-insured. It is hard to comprehend why AFI would refuse to later correct its own "jurisdictional error." Regardless, both GEICO and AFI seem to have disregarded the applicable jurisdictional limitations.

The question though is whether this Court can afford relief in the form of a writ of certiorari. Section 562 of Title 10 provides that the Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, or other process, necessary for bringing the actions in that court to trial and for carrying the judgments of the Court into execution. The Superior Court has the power to grant a writ of certiorari if (1) the judgment below is final;[20] and (2) there is no other available basis for review.[21] Review by writ of certiorari allows the court to confirm an irregularity in asserting jurisdiction, an improper exercise of

---

[20] The parties do not dispute that the judgment at issue here is final.

[21] *Drake v. State*, 2010 WL 3706874, at *3 (Del. Super., Sept. 14, 2010), citing, *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204 (Del. 2008).

power or the declaration of an improper remedy behind all inferior tribunals.[22] However, review on a writ of certiorari is different from review on appeal. With a writ of certiorari, review is on the record without weighing the evidence or reviewing the lower tribunal's factual findings.[23] The record is reviewed to determine "whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[24] While reviewing the conduct of the lower tribunal, a decision will be reversed on jurisdictional grounds if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction.[25] In reviewing an application for a common law writ, an arbitration panel is considered a lower tribunal.[26]

---

[22] *Drake v. State*, 2010 WL 3706874 (Del. Super., Sept. 14, 2010), at *3, citing *Maddrey*, 956 A.2d at 1214; *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 2004 WL 1790164, at *6 (Del. Super., July 30, 2004) ("A writ of certiorari's purpose is to correct errors of law, to review proceedings not conducted according to law, and to restrain an excess of jurisdiction"); *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977) (recognizing function of certiorari is to provide a remedy to a party alleging a lower court had acted without or in excess of its jurisdiction or without compliance with the requirements of law).

[23] *Adijile v. City of Wilmington*, 875 A.2d 632, at *2 (Del. 2005).

[24] *Id* (internal citations omitted).

[25] *Jordan v. Town of Milton*, 2012 WL 5494667, at *3 (Del. Super., Oct. 31, 2012), quoting *Christiana Town Center v. New Castle County*, 2004 WL 2921830, at *2 (Del., Dec. 16, 2004).

[26] *Fouracre v. White*, 102 A. 186, 196 (Del. Super. 1917) (recognizing the great weight of authority that a writ can issue against inferior courts and tribunals whose duties are judicial or quasi judicial); *Family Court v. Dept. of Labor and Indust. Relations*, 320 A.2d 777 (Del. Ch. 1974) (interpreting writ of prohibition to apply to inferior judicial tribunals and quasi-judicial tribunals). *See also, LG Electronics, Inc. v. Interdigital Commc'n, Inc.*, 98 A.3d 135 (Del. Ch. 2014) (finding the term "tribunal" to be broad enough to include arbitral tribunals), *aff'd* 114 A.3d 1246. Woolley's Practice in Civil Actions, Vol. 1, §896 (providing that the scope of the

12

Before a writ can be granted though, the Court needs to examine whether the City had any other available avenue for relief. As set forth above, under the present legal authority, the City could not have filed an appeal. However, GEICO argues that the City could have sought relief from the Court of Chancery pursuant to 10 *Del. C.* §§5714 and 5715.

Pursuant to 10 *Del. C.* §5714, "[u]pon complaint...the Court [of Chancery] shall vacate an award where...the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made."[27] The City though argues that Section 5714 is part of Chapter 57 which governs the Uniform Arbitration Act, and thus the statute only applies to situations where the parties have agreed to arbitrate. The City's argument is persuasive. At its inception, and throughout Chapter 57, the statute repeatedly refers to written agreements to arbitrate.[28] There is no dispute here that

---

remedy of a writ of certiorari extends to and embraces inferior legal tribunals having the power to determine legal rights and being capable of committing legal error).

[27] *See also, Ruggiero v. State Farm Auto. Ins. Co.*, 1999 WL 499459 (Del. Ch., June 23, 1999) (holding that arbitrator's award can be vacated if arbitrator exceeded its powers, there was material procedural abuse, or lack of binding obligation to arbitrate); *Zurich Am. Ins. Co. v. St. Paul Surplus Lines*, 2009 WL 4895120 (Del. Ch., Dec. 10, 2009) (finding that arbitrator's decision may be overcome by strong and convincing evidence that the arbitrator clearly exceeded or imperfectly executed her authority).

[28] *See,* 10 *Del. C.* §5701 referring to "[a] written agreement to submit to arbitration..."; and 10 *Del. C.* §5702(a) bestowing jurisdiction for an "agreement described in §5701 of this title specifically referencing the Delaware Uniform Arbitration Act [§ 5701 et. seq. of this title] and the parties' desire to have it apply to their agreement....".

the City is not a signatory to an arbitration agreement in this case, but is subjected to mandatory arbitration for subrogation matters under the statute. As there is no written agreement to arbitrate between the parties, the plain language of this statute does not appear to afford the City with an avenue for relief before the Court of Chancery.[29]

GEICO next suggests that the City is deemed to be a signatory to arbitration agreements pursuant to the Delaware Administrative Code. *See* 18 Del. Admin. C. §§603(10.1); 603(10.2). GEICO'S argument has several flaws. First, Section 10.1 specifically refers to "insurers" and not self-insureds. Second, this section addresses mandatory intercompany arbitration subject to "the insurance industry forums" and self-insureds in Delaware are not required to arbitrate by statute with the industry forum but rather with the Insurance Commissioner. Third, the statute intentionally does not limit the rights of insurers and specifically carves out obligations and positions of "signatory companies".

---

[29] The Court of Chancery also has general jurisdiction to hear and determine matters and causes in equity pursuant to 10 *Del. C.* §341. However, the Court of Chancery recognizes that it lacks subject matter jurisdiction if there is an adequate remedy at law or if a sufficient remedy is available by common law before another court or jurisdiction. 10 *Del. C.* §342. *Gladney v. City of Wilmington*, 2011 WL 6016048, at *4-5 (Del. Ch. Nov. 30, 2011) (dismissing case when writ of certiorari was better remedy for seeking review of inferior tribunal decision); *Family Court v. Dept. of Labor and Indus. Relations*, 320 A.2d 777 (Del. Ch. 1974) (holding availability of full, fair and complete legal remedy, such as a writ, when there is no right of appeal, will deprive the court of jurisdiction).

The case law cited by GEICO also does not advance its position because the cases relied upon involved parties that had entered into a written agreement to arbitrate.[30] GEICO also cites heavily to *Zurich Am. Ins. Co. v. St. Paul Surplus Lines*, 2009 WL 4895120 (Del. Ch. Dec. 10, 2009). However, in that case the Court of Chancery held that although AFI's decision was contrary to the legislative intent, the arbitrator did not exceed his authority or materially abuse his discretion because his decision was consistent with the AF PIP Arbitration Rules and the AF PIP Agreement applicable to the matter. *Id.* at *9. The Court of Chancery also recognized that "the Delaware Legislature has provided that, in a case such as this, the Court of Chancery may only vacate or modify arbitral decisions pursuant to the limited authority found in the Delaware Uniform Arbitration Act." *Id.* at *4.

In contrast, in rendering its decisions below, AFI exceeded its jurisdictional authority because neither the AFI's arbitration procedures, nor the statute, conferred jurisdiction upon AFI to hear the underlying matters.[31] These matters

---

[30] *See Ruggiero v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 499459 (Del. Ch., June 23, 1999); *New Hampshire Ins. Co. v. State Farm Ins. Co.*, 643 A.2d 328 (Del. Super. 1994). GEICO also cites *State Farm Mut. Auto. Ins. Co. v. Adamson Car & Truck Rental d/b/a Budget Rent a Car of Birmingham*, 2011 WL 2178638 (Del. Super., May 31, 2011), for the proposition that this Court has already held that self-insurers are required to submit to arbitration before AFI on subrogation claims. The Court's discussion on this issue was purely "academic" and not an issue in the case. Thus, this case is not controlling of the issues presented here.

[31] *See State Farm Mut. Auto. Ins. Co. v. UPS*, 2012 WL 1495338, at *1 (Del. Super. Apr. 30, 2012) (quoting AFI's rules that a self-insured entity is "an entity that meets the state requirements of being self-insured, one that assumes the risk directly for covering losses involving its property, or one whose deductible or retention is equal to or exceeds the amount of loss in dispute" and AFI's determination that it lacked jurisdiction over the self-insured entity).

15

involve a self-insured entity, subject to the second clause of Section 2118(g)(3), an arbitrator that exceeded its jurisdictional authority (after recognizing it lacked jurisdiction), and a situation that is not clearly subject to the Court of Chancery's limited powers to vacate or modify decisions under the Delaware Uniform Arbitration Act. Therefore, GEICO has failed to persuade the Court that the City could have sought relief from the Court of Chancery.

In summary, this Court may issue a writ of certiorari when appeals are prohibited on other grounds, and the party has no other avenue for relief.[32] A this time, the City cannot appeal the AFI decisions and GEICO has not established that the City has any other available means to seek relief from the AFI decisions. Based upon the facts and circumstances presented here, the City should be afforded relief under the limited circumstances of review under the common law writ of certiorari. Therefore, the Motions to Convert should be granted and the Motion to Dismiss denied.

Lastly, GEICO, who never gave the City's attorney notice of the pending arbitration proceedings, moved to dismiss the appeal in the Superior Court with respect to Case 2 for insufficiency of service of process (but did not so move in Case 1) and argues that service upon GEICO was improper because the City failed

---

[32] *Drake v. State*, 2010 WL 3706874, at *4 (Del. Super. Sept. 14, 2010) (finding that a writ may be issued even though the court generally lacks jurisdiction to hear an appeal from a board); *Shoemaker v. State*, 375 A.2d 431, 438 (Del. 1977) (allowing writ of certiorari proceedings when Superior Court properly refused to consider the case on appeal).

to serve the Insurance Commissioner. In Case 1, although it is questionable whether service was ever properly made to the City, it is undisputed that GEICO never notified the City's counsel of the pending arbitration even though discussions were ongoing with respect to this very issue. In Case 2, the City again contends that service was improper below. It is also disturbing that GEICO was engaged in communications with the City for months, while the AFI arbitrations were pending, and yet appears to have never brought the complaints or the pending arbitrations to the attention of the City's counsel. Despite this, and the implication that the City may not have received service at all, let alone, properly made, GEICO now argues that service upon it on appeal was improper. The irony cannot be overlooked.

Pursuant to 18 *Del. C.* §524, GEICO, as an insurer, was required to appoint the Insurance Commissioner as its attorney to receive service of legal process issued against it. 18 *Del. C.* §524(a). Service of process against a foreign insurer shall be made only by service thereof upon the Commissioner. 18 *Del. C.* §524(c). However, service upon a domestic insurer may be made in any other manner provided by law. 18 *Del. C.* §524(d). Interestingly, if GEICO's argument that the City is an "insurer" is correct, then the Court questions whether service upon the City by mail, care of the "Claims Department", which the City attests does not exist, was properly made by GEICO when it filed the complaints with AFI.

In any event, GEICO's argument of improper service is not compelling. GEICO relies upon a case that addressed service of a complaint upon the insurer, not an appeal/writ where the insurer (such as GEICO) was the original moving party as presented here.[33] In filing the matters with the Superior Court, the City was responding to GEICO's actions, rather than initiating its own actions. In anticipation of pursuing an appeal, the City complied with then Superior Court Civil Rule 72(c) which provided that notice of appeal shall be given by the Prothonotary by mailing copies to all parties to the proceeding below, however, the failure of the Prothonotary to give notice of the appeal shall not affect the validity of the appeal. Further, pursuant to this rule, notification was to be given by mailing a copy to the party's attorney of record, or, if the party is not represented by an attorney, then to the party at the party's last known address. In addition, 8 *Del. C.* §321 also allows service upon an officer, director or registered agent of the corporation. Notice of the appeal was given to GEICO, who was shown as unrepresented below, by way of its registered agent and there is no dispute that GEICO timely received actual notice of the City's appeal. Delaware has adopted the "modern view that, where possible and where there is no prejudice, appeals should not be dismissed on technicalities." *Di's, Inc. v. McKinney*, 673 A.2d 1199, 1202 (Del. 1996). Converting the appeal to a writ of certiorari does not change the

---

[33] *See Shipley v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 1096790 (Del. Apr. 24, 2006).

18

nature of the action in that such a writ is the functional equivalent of an appeal differing only by being confined to the record.[34] After the notice of appeal was filed in Case 2, service was made in a timely manner. GEICO was able to swiftly move to dismiss the appeal, and to object to the motion to convert. GEICO has not demonstrated any prejudice with respect to service in Case 2 and has not moved to dismiss for improper service in Case 1. Upon conversion of the appeal to a writ of certiorari, the Court may issue the writ and service should be made as appropriate under the applicable statutes and rules of the Court. GEICO's motion to dismiss should be denied for these reasons as well.

For all the foregoing reasons, it is recommended that GEICO's Motion to Dismiss be DENIED, and the City's Motions to Convert to a Writ of Certiorari be GRANTED.

Commissioner Katharine L. Mayer

oc: Prothonotary
Susan A. Fruehauf, Esquire
Christofer C. Johnson, Esquire
Amanda T. Dobies, Esquire

---

[34] *Di's, Inc. v. McKinney*, 673 A.2d 119, 1202 (Del. 1996).